RECEIVED

DEC 19 1986

OFFICE OF THE CLERK
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RELEASED FOR PUBLICATION

DOCKET NO. 711

IN RE THE DOW CHEMICAL CO. "SARABOND" PRODUCTS LIABILITY LITIGATION

BEFORE ANDREW A. CAFFREY,* CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR., S. HUGH DILLIN, MILTON POLLACK, AND LOUIS H. POLLAK,** JUDGES OF THE PANEL

TRANSFER ORDER

PER CURIAM

The litigation before the Panel presently consists of fourteen actions pending in eight districts as follows:[1]

| | |
|---|---|
| District of Colorado | 6 actions |
| Eastern District of Pennsylvania | 2 actions |
| District of Massachusetts | 1 action |
| Eastern District of Michigan | 1 action |
| Southern District of New York | 1 action |
| Northern District of Ohio | 1 action |
| Western District of Pennsylvania | 1 action |
| Western District of Tennessee | 1 action |

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendant The Dow Chemical Company (Dow) to centralize the actions in this litigation in the District of Colorado for coordinated or consolidated pretrial proceedings. A co-defendant of Dow in two actions supports centralization, but favors selection of the Western District of Tennessee as transferee forum. All other responding

---

\* Judge Andrew A. Caffrey recused himself and took no part in the decision of this matter.

\*\* Judge Louis H. Pollack took no part in the decision of this matter.

[1] The motion before the Panel, as originally filed on September 23, 1986, pertained to an additional action pending in the Eastern District of Virginia, The Life Insurance Co. of Virginia v. Dow Chemical Co., C.A. No. 86-0314-R. On November 19, 1986, the day before the Panel hearing scheduled in this docket, movant requested leave to withdraw the Virginia action from its Section 1407 motion. We have granted that request. Additionally, the Panel has been advised of recently filed related actions. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

parties (including plaintiffs in every action) oppose transfer. In the event the Panel nevertheless concludes that centralization is appropriate in this docket, then certain of these opposing parties favor selection of either the District of Colorado, the Northern District of Ohio or the Western District of Tennessee as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that centralization of all actions but the New York action in the District of Colorado will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in this docket all share factual issues concerning i) the design, development, testing and marketing of a Dow mortar additive known as Sarabond, and ii) Dow's knowledge of the allegedly injurious effects of Sarabond. All actions save the New York action are brought by plaintiffs claiming that Dow's conduct with respect to Sarabond violated federal racketeering laws, and the vast majority of the remaining actions also includes claims for recovery under a broader range of common law theories including negligence, breach of warranty, strict liability, breach of continuing duty to warn, malicious and reckless misconduct and/or negligent and intentional misrepresentation. Centralization is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in every action acknowledge the presence of common factual questions in this docket, but they oppose transfer arguing that i) transfer would delay resolution of certain advanced actions in this litigation, ii) transfer is unnecessary because much of the common discovery in this litigation has already been completed (either in constituent actions or in prior related actions), iii) voluntary cooperation is a preferable alternative to Section 1407 transfer, and/or iv) individual questions will predominate in the actions relating to each plaintiff's building or masonry product built with Sarabond. We are persuaded that the New York action, which has been pending for over three years, is at a sufficiently advanced stage to warrant its exclusion from Section 1407 proceedings in this docket. We are unable, on the basis of the record before us, to make such a determination at this time with respect to any of the remaining actions, the vast majority of which have been pending for less than a year. Should the transferee judge deem remand of any actions in advance of others appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 11, R.P.J.P.M.L., 89 F.R.D. 273, 280-82 (1981). And while voluntary cooperation is always laudable, we note that transfer under Section 1407 will have the salutary effect of placing fourteen actions presently pending in eight districts before a single judge who can formulate a pretrial program that: 1) enables appropriate discovery already completed in earlier actions to be made applicable to actions that are later filed, see Manual for Complex Litigation, Second, §21.42 (1985); 2) if appropriate, allows discovery with respect to any unique issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 3) ensures that pretrial proceedings will be

conducted in a manner leading to the just, efficient and expeditious resolution of all actions, either in the transferee district or, upon the completion of common discovery, in the transferor districts to which the actions will be remanded.

We conclude that, of the districts in which constituent actions are pending, the District of Colorado is the most appropriate transferee forum for this litigation. We point out that: 1) six of the fourteen actions subject to the motion are already pending there; 2) there is a likelihood of additional actions being filed in the District of Colorado because Denver was the test market for Sarabond buildings; and 3) the records and employees of a manufacturer which used Sarabond in prefabricating masonry panels can be found there.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action listed on the following Schedule A and pending in the Southern District of New York be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the following Schedule A and pending outside the District of Colorado be, and the same hereby are, transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable John L. Kane, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

SCHEDULE A

MDL-711 -- In re The Dow Chemical Co. "Sarabond" Products Liability Litigation

### District of Massachusetts

City of Boston v. Dow Chemical Co., et al., C.A. No. 86-918W

### Eastern District of Michigan

St. John Hospital Corp., et al. v. Dow Chemical Co., et al., C.A. No. 86CV72716DT

### Southern District of New York

New York State Urban Development Corp., et al. v. Dow Chemical Co., C.A. No. 83 CIV 4327

### Northern District of Ohio

Equitable Life Assurance Society of the U.S. v. Dow Chemical Co., et al., C.A. No. C86-3691

### Eastern District of Pennsylvania

Moravian Development Corp. v. Dow Chemical Co., et al., C.A. No. 85-7444
The County of Lancaster v. Dow Chemical Co., C.A. No. 86-3345

### Western District of Pennsylvania

County of Cambria v. Dow Chemical Co., C.A. No. 86 C 418

### Western District of Tennessee

County of Shelby, Tennessee v. Dow Chemical Co., et al., C.A. No. 85-2878CB

### District of Colorado

Gage Behunin, et al. v. Dow Chemical Co., et al., C.A. No. 86-K-281
Penn Square Condominium Assn., Inc., et al. v. Dow Chemical Co., C.A. No. 86-K-331
Franklin L. Burns, et al. v. Dow Chemical Co., C.A. No. 86-K-526
Blaine B. Chase, et al. v. Dow Chemical Co., C.A. No. 86-K-680
Savings Building Condominiums Assn. v. Dow Chemical Co., C.A. No. 86-K-1234
C.A. Associates, etc. v. Dow Chemical Co., C.A. No. 86-K-1178

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 22 1988

DOCKET NO. 711

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE THE DOW CHEMICAL CO. "SARABOND" PRODUCTS LIABILITY LTIGATION

ORDER REASSIGNING LITIGATION

The actions in the above litigation have been reassigned to the Honorable Richard P. Matsch in accordance with the Local Rules for the United States District Court for the District of Colorado.

IT IS THEREFORE ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable Richard P. Matsch for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

_____
Andrew A. Caffrey
Chairman